On Rehearing.
 

 THOMPSON, J.
 

 There are three questions presented for consideration; all other issues being foreclosed by the opinion and decree heretofore handed down.
 

 The plaintiffs in his application for rehearing contends: (1) That the court er
 
 *19
 
 red in allowing defendant’s reeonventional demand to the extent of $1,310; and (2) in recognizing a lien and privilege on the timber seized.
 

 A reconsideration -of the testimony has served only to convince us of the correctness of our former conclusion. The plaintiff in his second supplemental petition admits that the defendant had cut and hauled 870,-000 feet of timber, and that he had paid defendant for only 739,216. The admitted contract price was $10 per 1,000 feet.
 

 The last settlement for timber was made on August 13th, and the injunction was sued out on August 28, 1920. The plaintiff notified the defendant to cease • cutting on August 24th, and, while admitting liability for the timber cut between August 13th and August 24th, the plaintiff contends that he is not liable for the amount cut after the notice of August 24th.
 

 In his testimony on page 188, notes of evidence, the plaintiff testified:
 

 “Q. Did you owe Mr. Warner for cutting and hauling any logs between the date of August 14th and the date on which you notified him to stop cutting?
 

 “A. Yes, sir.
 

 “Q. You know what that was?
 

 “A. No; because I have not made any scale on that.
 

 “Q. Have you ever paid him for that?
 

 “A. No, sir.
 

 “Q. What’s the reason why you didn’t pay him for that?
 

 “A. I didn’t have any way of identifying that from that he cut after he was notified to stop.”
 

 The only reason, as appears from the plaintiff’s own testimony, why he ,-did not pay for the timber cut after the last settlement is that the defendant had cut some logs after he was notified to stop, and mingled them with those for which plaintiff owed. The plaintiff received and got the benefit of all the timber cut and hauled, including that cut after the defendant was notified ; and there is no sufficient legal reason suggested why he should not pay for what he has received, even though the defendant was not legally- justified in ignoring the notice to quit cutting.
 

 According to the defendant’s testimony (pp. 147 and 148), the plaintiff would owe him more than the amount we have allowed. We prefer, however, as the safer rule, to base our conclusion on the plaintiff’s testimony and judicial admission.
 

 The timber seized by the defendant was that cut and hauled under his contract with the plaintiff, except the small amount cut after plaintiff had terminated the contract by notice. This timber was subject to the privilege accorded by Act 208 of 1908.
 

 In his application for rehearing the defendant complains that he was adjudged to pay all the costs of the lower court, and he contends that, as both parties partially succeeded, each party should bear his own costs incurred in the lower court, or that such costs should be equally divided. It is true that the defendant was partially successful on his reeonventional demand, but most of the costs of the lower court were occasioned in the contest as to the nature and terms of the contract. In that contest the plaintiff was successful, and his injunction was sustained. The judgment as to costs, we think, does substantial justice, and we have concluded to leave it as it is.
 

 The judgment and decree heretofore rendered is reinstated and made the final judgment of this court.